UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD PEREZ AND A CLASS OF　　　　　　　　　　CIVIL ACTION
SIMILARLY SITUATED NEW ORLEANS
POLICE OFFICERS WHO HAVE BEEN
DENIED OVERTIME COMPENSATION

VERSUS　　　　　　　　　　　　　　　　　　　NO: 12-2280

CITY OF NEW ORLEANS, ET AL　　　　　　　　SECTION: J

## ORDER AND REASONS

Before the Court is a *Motion to Certify Class* filed by Plaintiff, Chad Perez. **(Rec. Doc. 33)**. The motion is unopposed. Having considered the motion, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

Officer Chad Perez, a former New Orleans Police Officer, has brought this action under the Fair Labor Standards Act ("FLSA"), on his own behalf and on behalf of all similarly situated members of the NOPD, against the City of New Orleans ("the City") and against Ronal Serpas in his capacity as Superintendent of the New Orleans Police Department ("NOPD"). Perez alleges that from September 16, 2009 through the present date, the NOPD has failed to pay him and other NOPD officers the overtime compensation that was due to them. Perez requests that the Court conditionally certify a Plaintiff

1

Class defined as "New Orleans Police Department officers who have been denied overtime compensation and/or J&T Time to compensate them for time expended in excess of the regularly-scheduled length of time they are required to work as police officers." Officer Perez contends that the putative class does not include any individuals whose claims are time barred.

Officer Perez also requests that the Court approve his proposed "Court-Ordered Notice of Fair Labor Standards Act Overtime and Contract-Based Collective/Class Actions," as well as his "Consent to Become Party Plaintiff" form, so that these forms may be sent to all individuals in the class. Additionally, Officer Perez requests that the Court issue an order compelling the City to turn over the full names, last known addresses, telephone numbers, and email addresses of all potential class members.

**LEGAL STANDARD**

Under the FLSA, if an employer engaged in interstate commerce fails to pay its employees overtime pay that they are due, an employer may bring an action against the employer on behalf of himself and other similarly situated employees. 29 U.S.C.A. § 207 (West 2010); 29 U.S.C.A. § 216 (West 2008).

This Court uses the following standards to determine whether to conditionally certify a class:

> To certify a collective action under the ... FLSA, ...

2

two requirements must be met. First, the named representatives and the putative members of the prospective FLSA class must be similarly situated. ... Second, the action at issue must have a general effect. ... A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice. ... To resolve the question whether putative collective action members are similarly situated, courts may employ a two-step analysis for conditional certification as established by the Fifth Circuit in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995). First, at the so-called "notice stage," the district court decides whether notice of the action should be given to potential class members. ... This decision is usually based only on the pleadings and any affidavits which have been submitted. ... It is made applying a fairly lenient standard, and usually results in "conditional certification" of a representative class. ... At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan ... . ... Following conditional certification,

3

putative class members are given notice and the opportunity to opt in to the collective action. ... The case then proceeds throughout discovery as a collective action. ... A second step takes place later on, when and if the defendant files a motion for decertification, after more extensive discovery has taken place.

*Donahue v. Francis Servs., Inc.*, No. 04-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (Barbier, J.).

## DISCUSSION

Here, Officer Perez has submitted an affidavit (Rec. Doc. 33-5) wherein he asserts that he and his colleagues worked forty-two-and-a-half (42.5) hours per week, which is in excess of forty (40) hours. Officer Perez also stated that administrative tasks, such as filling out reports and providing figures to their rank, had to be performed outside of the normal forty-two-and-a-half working hours. According to Officer Perez, the NOPD implemented the "J&T Time" system as a means of giving affected employees time off in compensation for working overtime, as opposed to paying them time-and-a-half. However, Officer Perez claims that the system is inadequate because it only pays one hour of pay for each hour of overtime, while the law requires that the compensation be time-and-a-half. Officer Perez also maintains that there is an NOPD policy of compelling officers to work unscheduled hours and then failing

to pay overtime compensation. Specifically, Officer Perez alleges that when he asked a Lieutenant for overtime pay that was due to him, the Lieutenant replied that Officer Perez would not be compensated, and that if he did not like it, he would be transferred. According to Officer Perez, he and other officers routinely worked overtime hours without compensation and were subject to retaliation when they attempted to collect the overtime pay due to them.

Officer Perez has also submitted the affidavit of Captain Michael Glasser (Rec. Doc. 33-6), the President of the Police Association of New Orleans (PANO), a non-profit corporation that addresses deficiencies in NOPD policies and practices. Captain Glasser states that PANO has become aware of the NOPD's system-wide practice of compelling its officers to work overtime and failing to pay them time-and-a-half. Captain Glasser also asserts that NOPD officers who bring these issues to light are subject to retaliation.

The Court finds that members of the NOPD who have been denied earned overtime pay from September 16, 2009 through the present date are similarly situated because they are together the victims of an alleged single policy of the NOPD to decline to pay its officers earned overtime pay. This suit does not appear to arise from circumstances purely personal to Officer Perez; it rather appears that the alleged policy of the NOPD would have a general

5

effect on all officers who were not compensated for earned overtime within the relevant time period. Therefore, the Court finds that this class should be conditionally certified, and potential class members should be given notice and an opportunity to opt in to this collective action.

The Court has reviewed the proposed Notice (Rec. Doc. 33-3) and the proposed Consent (Rec. Doc. 33-4), and both appear to be appropriate. Therefore, these documents are approved. Additionally, the Court finds that the City shall provide the information that counsel for the class seeks, which will enable counsel for the class to send the Notice and Consent to potential class members.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Certify Class* **(Rec. Doc. 33)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the conditionally-certified class shall be defined as: "New Orleans Police Department officers denied earned overtime compensation and/or J&T time, beginning September 16, 2009."

**IT IS FURTHER ORDERED** that Defendants shall produce the full names, last known addresses, telephone numbers, and email addresses of all potential class members, in both paper and electronic form accessible by Microsoft Office Suite, within fourteen (14) days of this Order, or by **Thursday, April 17, 2014**.

**IT IS FURTHER ORDERED** that the proposed Notice **(Rec. Doc. 33-3)** and the proposed Consent **(Rec. Doc. 33-4)** are hereby **APPROVED.**

**IT IS FURTHER ORDERED** that counsel for the class shall transmit the Notice and Consent form to all potential class members via U.S. mail and email, both work and personal (if available), within thirty (30) days, or by **Monday, May 19, 2014**.[1]

**IT IS FURTHER ORDERED** that potential class members may opt in to this collective action if: (1) they have mailed, faxed, or emailed their Consent form to counsel for the class within sixty (60) days[2] after the Notice and Consent forms have been mailed out to the class; or (2) they show good cause for any delay.

New Orleans, Louisiana this 4th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The thirty-day deadline will technically expire on Saturday, May 17, 2014, so he Court will impose the deadline on the closest non-holiday.

[2] In the motion, counsel for the class requests that the Court impose a deadline of forty-five (45) days. (Rec. Doc. 33-1, p. 12). However, this is inconsistent with the language of the Notice, which provides a deadline of sixty (60) days. (Rec. Doc. 33-3, p. 2). The Court will therefore impose a sixty-day deadline.