```
                UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF LOUISIANA


CHAD PEREZ                                     CIVIL ACTION

VERSUS                                         NO: 12-2280

CITY OF NEW ORLEANS                            SECTION: J(1)
```

## ORDER AND REASONS

Before the Court is a *Partial Motion to Dismiss* (**Rec. Doc. 82**) filed by Defendants, Michael Harrison, in his official capacity as the Superintendent of the New Orleans Police Department, and the City of New Orleans (collectively "Defendants"), an *Opposition* thereto (**Rec. Doc. 83**) by Plaintiff, Chad Perez, ("Plaintiff") on behalf of a class of similarly situated police officers, and Defendants' *Reply* (**Rec. Doc. 86**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED IN PART**.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 16, 2012, Plaintiff, Chad Perez ("Plaintiff") filed this action on behalf of himself and all similarly situated New Orleans Police Department ("NOPD") officers,

1

against the City of New Orleans ("the City") and the Superintendent of the NOPD, asserting claims under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that from September 16, 2009 through the present date, the NOPD failed to pay him and other NOPD officers the overtime compensation that was due to them.

Upon Plaintiff's motion, on April 7, 2014, this Court conditionally certified the class of plaintiffs, defined as "New Orleans Police Department officers denied earned overtime compensation and/or J&T time, beginning September 16, 2009." (Rec. Doc. 34, p. 6). In this same Order, the Court approved Plaintiff's proposed Notice to be sent to all class members (Rec. Doc. 33-3) and Plaintiff's proposed Consent Form (Rec. Doc. 33-4). The Notice informed potential class members that "the collective action group includes all current and former salaried employees of the City who are/were employed as members of the New Orleans Police Department and who, **from September 16, 2009 to the present**, have been denied overtime compensation and/or J&T Time to compensate them for time expended in excess of the regularly-scheduled length of time they are required to work as police officers." (Rec. Doc. 33-3, p. 2) (emphasis in original).

Despite the Court's order dated April 7, 2014, as of the most recent status conference held with the Court on June 23, 2015, Plaintiff had still not sent out Notice and Consent forms to its class members. At the status conference, the Court ordered that Plaintiff transmit the Notice and Consent forms to all potential class members within twenty-one (21) days of the conference. (Rec. Doc. 80, p. 2). On July 13, 2015, Plaintiff finally sent out the Notice, using the same language to describe the class as used in the proposed Notice approved by the Court in the April 7, 2014 Order.

Defendants filed the instant action on July 14, 2015, seeking dismissal of all claims arising between September 16, 2009 and June 11, 2012, on the basis that the statute of limitations period imposed by the FLSA on these claims had already run. Defendants assert that the FLSA prohibits the filing of claims for willful conduct which arise prior to three years before the date Notice is sent out to potential class members. In response, Plaintiff denies that the claims should be dismissed, first, because Defendants never objected to the Court's April 7, 2014 Order, thereby consenting to an equitable tolling of the statute of limitations. Plaintiff also asserts that the statute of limitations prevents the filing of claims

arising more than three years prior to the date upon which Notice is *approved* by the Court.

## LEGAL STANDARD & DISCUSSION

The FLSA imposes a two-year statute of limitations, which is extended to three years for willful violations of the statute. 29 U.S.C.A. § 255 (1947). The FLSA further provides that an action commences for purposes of this statute of limitations when a claimant who is not named as a party plaintiff in the complaint files written consent with the court where the action was commenced. 29 U.S.C.A. § 256(b).

The present issue turns on the time from which the statutory limitation period is measured. Defendants maintain that the language of § 256(b) is clear that the class period is measured from the date written consent is filed in the record, or alternatively, from the date Notice is mailed to potential class members. (Rec. Doc. 86, p. 1). Plaintiff instead submits that the class period is measured from the date on which the proposed Notice is approved by the Court.

As noted by Plaintiff, courts within the Fifth Circuit have repeatedly recognized that "based on the statute of limitations … class certification is appropriately limited to workers employed by the defendant up to three years before notice is *approved* by the court." *Tolentino v. C&J Spec-Rent Servs., Inc.*,

716 F.Supp.2d 642, 654 (S.D. Tex. 2010) (quoting *Quintanilla v. A&R Demolitina, Inc.*, No. H-04-1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005)(internal quotations omitted and emphasis added)); *see also Watson v. Travis Software Corp.*, No. H-07-4104, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008) ("A class period covering the three years before the date this court approves conditional certification and notice is appropriate in this case."). Accordingly, the Court recognizes that the date of approval of Notice, as opposed to the date of the mailing of the Notice, is determinative for purposes of establishing a class period.

Defendants attempt to differentiate the present circumstances from those in *Watson*, asserting that "in *Watson*, the class was approved and the notice was sent simultaneously." (Rec. Doc. 82-1, p. 3). However, Defendants do not cite to any portion of the *Watson* opinion for this proposition, nor is there any evidence in the opinion that this occurred. Moreover, considering the language used in *Tolentino*, even if the approval and mailing of the notice occurred simultaneously, this does not alter the rule that a statute of limitations for purposes of establishing a class under the FLSA is determined by the date on which Notice is approved by the court.

Here, the Court approved Plaintiff's proposed Notice in its Order dated April 7, 2014. Accordingly, the class period includes all claims arising three years prior to this date, or from April 7, 2011. Therefore, the Court agrees that a number of claims included in Plaintiff's Notice fall outside of this class period and are thus time barred.

Plaintiff argues that even those claims that fall outside the statutory three-year period should be permitted to proceed, because by failing to contest the class period for over a year after the Court issued its Order approving the Notice, Defendants have "consented to an equitable tolling of the statute for all class members as of the date that this action was filed." (Rec. Doc. 83, p. 2). The Court is not persuaded by this argument. The doctrine of equitable tolling allows a plaintiff to pursue time-barred claims "where strict application of the statute of limitations would be inequitable." *Switzer v. Wachovia Corp.*, No. H-11-1604, 2012 WL 1231743, at *2 (S.D. Tex. Apr. 12, 2012). The Fifth Circuit strictly construes the FLSA's statutory limitation on class periods, "and courts cannot change the terms of the statute unless warranted by extraordinary circumstances." *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014) (Berrigan, J.) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir.

6

1983)); *see also Switzer*, 2012 WL 1231743, at *2 ("[T]he doctrine applies only in rare and exceptional circumstances."). Generally, equitable tolling is only applied when a plaintiff is unable to discover information which is essential to his claim, or is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Mejia*, 2014 WL 3853580, at *1 (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotations omitted)).

Here, in support of its request that the Court equitably toll the statutory period and permit claims as far back as September 2009 to proceed, Plaintiff asserts that by failing to oppose the Court's Order approving Plaintiff's definition of the conditionally-certified class, Defendants consented to equitable tolling. However, the circumstances in the present matter can hardly be considered "extraordinary." There is no evidence that Plaintiff was "actively misled" by Defendants, or prevented in any way from commencing the action within three years of the 2009 claims. Moreover, Defendants assert that they raised the issue of the class period shortly following the Court's Order during a conference held before Magistrate Judge Shushan, at which point they alerted Plaintiff to their concerns regarding the duration of the class period. (Rec. Doc. 86, p. 2).

Therefore, despite not being formally recorded with the Court, Plaintiff was aware of Defendants' objection to the proposed class period beginning on September 16, 2009.

Because the Court finds no extraordinary circumstances which would warrant an equitable tolling of the FLSA statute of limitations, Plaintiff's claims from September 16, 2009 to April 6, 2011 are considered time barred.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims arising between September 16, 2009 and April 6, 2011 are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 28th day of July, 2015.

_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE

8