# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CHAD PEREZ, et al                                    CIVIL ACTION

VERSUS                                               NO. 12-2280-CJB-SS

CITY OF NEW ORLEANS

### REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendants, City of New Orleans and Ronal Serpas, for sanctions and dismissal of certain plaintiffs.

### Background

On September 16, 2012, the plaintiff, Chad Perez ("Perez"), filed a complaint for overtime under the Fair Labor Standards Act. Rec. doc. 1. His motion to conditionally-certify the class was granted. Rec. doc. 34. The claims between September 16, 2009 and April 6, 2011 were dismissed with prejudice. Rec. doc. 87. In September 2015, 163 signed consent forms were filed. Rec. docs. 88, 90, 91 and 94. The District Judge, based on information provided by counsel for plaintiffs, dismissed 58 of the plaintiffs. Rec. doc. 133. On March 14, 2016, four more plaintiffs were dismissed with the concurrence of counsel for plaintiffs. Rec. doc. 141. The trial is set for April 11, 2016. Rec. doc. 80.

On February 12, 2016, defendants' motion to compel discovery was granted in part. Rec. doc. 112. The deadline for plaintiffs to serve discovery responses was extended to February 29, 2016. The order provided that if the defendants did not receive timely responses, they were to file a motion for sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) with a request for dismissal. Rec. doc. 112.

For interrogatory no. 4, each plaintiff was required to identify every two week pay period during the relevant period for which a plaintiff alleges that overtime and/or J&T compensation is

owed.  Interrogatory no. 5 sought the total number of hours worked by a plaintiff for which overtime and/or J&T compensation is owed for the relevant period and the total amount of money that a plaintiff alleges is owed for that uncompensated time.  Each plaintiff was required to answer interrogatory no. 5.  Rec. doc. 112 at 3-4.

Defendants filed a motion for sanctions and supplemental memorandum.  Rec. docs. 120 and 137.  On March 9, 2016, plaintiffs filed their opposition with exhibits, including *in globo* responses to discovery, answers to interrogatories by individual defendants, and schedules produced by the defendants.  Rec. doc. 135.  In a reply memorandum, defendants narrowed their request for dismissal to 11 plaintiffs.  Rec. doc. 138.

Most of the plaintiffs at issue responded to the discovery, but could only provide an estimate of compensated overtime and/or J&T time.  While rough estimates may not carry plaintiffs' burden of proof at trial, they may not be fatal to proceeding to trial.  When a plaintiff cannot or does not even attempt an estimate, the response is deemed insufficient.

1. **Catherine Beckett**.

Beckett provided discovery responses under oath on February 25, 2016.  Beckett's responses to interrogatory nos. 4 and 5 are sufficient.  Rec. doc. 140 (Exhibit A).  It is recommended that the motion for sanctions be denied as to Beckett.

2. **Aaron Blackwell**.

Blackwell provided discovery responses on February 22, 2016 under oath.  Blackwell's responses to interrogatory nos. 4 and 5 are sufficient.  Rec. doc. 140 (Exhibit B).  It is recommended that the motion for sanctions be denied as to Blackwell.

3. **Michael Cochran**.

Cochran provided discovery responses on March 2, 2016 under oath.  The discovery responses are not timely under the February 12, 2016 discovery order.  The defendants, however, are not prejudiced by Cochran's failure to serve the discovery responses on February 29, 2016.  Cochran's responses to the interrogatories are sufficient.  Rec. doc. 135 (Exhibit 3.1).  It is recommended that the motion for sanctions be denied as to Cochran.

4. **Bernard Crowden**.

Crowden did not respond to the defendants' discovery requests.  It is recommended that his claims be dismissed with prejudice.

5. **Christian Hart**.

Hart responded to the City's discovery requests under oath on February 24, 2016.  Hart's responses to interrogatory nos. 4 and 5 are sufficient.  Rec. doc. 140 (Exhibit D).  It is recommended that the motion for sanctions be denied as to Hart.

6. **Jacob Lundy**.

Lundy responded to the City's discovery requests on February 29, 2016.  Lundy's responses to the interrogatories are sufficient.  Rec. doc. 140 (Exhibit E).  It is recommended that the motion for sanctions be denied as to Lundy.

7. **Carlos Peralta**.

Peralta responded to the City's discovery responses on December 11, 2015.  Rec. doc. 140 (Exhibit F).  They were not answered under oath.  The February 12, 2016 discovery order provided that "[e]ach plaintiff shall answer the interrogatories under oath."  Rec. doc. 112 at 4.  In addition, Peralta's answers to interrogatory nos. 4 and 5 are insufficient.  Rec. doc. 140 (Exhibit F).

It is recommended that Peralta's claims be dismissed with prejudice.

8. **Nathaniel Phillips**.

On January 20, 2016, Phillips served responses to the City's discovery requests. They were not under oath. On February 16, 2016, Phillips signed an oath that the responses were true and correct. Rec. doc. 135 (Exhibit 3.3). Phillips' responses to interrogatory nos. 4 and 5 did not comply with the discovery order. For example, in response to interrogatory no. 5, Phillips states that "I do not have an exact figure, but I can say with certainty that the total number of uncompensated overtime hours which I worked serving the people of New Orleans were substantial." Phillips did not attempt to provide a rough estimate of uncompensated overtime and/or J&T time. Rec. doc. 140 (Exhibit G at 3).

It is recommended that Phillips' claims be dismissed with prejudice.

9. **Desmond Pratt**.

Pratt responded to the City's discovery requests on December 11, 2015. They were not answered under oath. Rec. doc. 140 (Exhibit H). Pratt's answers to the interrogatories are sufficient. The defendants are not prejudiced by Pratt's failure to answer the interrogatories under oath. It is recommended that the motion for sanctions be denied as to Pratt.

10. **Jeremy Smith**.

Smith responded to the City's discovery requests on February 2, 2016. They were not answered under oath. Rec. doc. 140 (Exhibit I). Smith's answers to the interrogatories are sufficient. The defendants are not prejudiced by Smith's failure to answer the interrogatories under oath. It is recommended that the motion for sanctions be denied as to Smith.

11. **Jeremy Wilcox**.

Wilcox responded to the City's discovery under oath on February 23, 2016. His responses to interrogatory nos. 4 and 5 were "unknown." In addition, he provided two examples, one of

which was Mardi Gras.  Rec. doc. 140 (Exhibit J).  Wilcox did not comply with the February 12 discovery order.  It is recommended that his claims be dismissed with prejudice.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Defendants' motion for sanctions (Rec. doc. 120) be GRANTED in PART and DENIED in PART as provided herein.

2. The claims asserted by the following plaintiffs be dismissed with prejudice:  (1) Bernard Crowden; (2) Carlos Peralta; (3) Nathaniel Phillips; and (4) Jeremy Wilcox.

3. Defendants' motion for sanctions (Rec. doc. 120) be DENIED as to:  (1) Catherine Beckett; (2) Aaron Blackwell;  (3) Michael Cochran;  (4) Christian Hart;  (5) Jacob Lundy;  (6) Desmond Pratt; and (7) Jeremy Smith.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of March, 2016.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**